UNITED STATES of America, Plaintiff–Appellant,

v.

Jerry V. MITCHELL and Roger Woods, Defendants–Appellees.

No. 90–7423.

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 1992.

---

* Judge Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sat by designation at the time of oral argument in this case but resigned on April 1, 1991, and did not participate in this decision. This decision is rendered by quorum. 28 U.S.C. § 46(d).

Frank W. Donaldson, U.S. Atty., Anthony A. Joseph, James A. Sullivan, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellant U.S.

John C. Robbins, Doug Jones, Birmingham, Ala., for defendant-appellee Jerry V. Mitchell.

Jo Allison Taylor, Birmingham, Ala., for defendant-appellee Roger Woods.

Before TJOFLAT, Chief Judge, CLARK *, Senior Circuit Judge, and KAUFMAN **, Senior District Judge.

TJOFLAT, Chief Judge:

The Government appeals from an order in the Northern District of Alabama granting a motion in limine to preclude certain expert testimony on the basis of Fed. R.Evid. 403 and 702. In the absence of a record of the pre-trial hearing on this motion, we find ourselves unable to affirm the challenged order. We therefore vacate the district court's order and remand the case for further proceedings.

## I.

Defendants Jerry V. Mitchell, Chief of Police for Albertville, Alabama, and Roger Woods are charged with three counts of conspiracy to commit extortion, and defendant Mitchell individually with twelve counts of extortion, all in violation of the Hobbs Act, 18 U.S.C. § 1951 (1988). Specifically, defendants stand accused of "fixing" tickets for driving under the influence of alcohol (DUI) in exchange for money. In order to obtain a conviction under the Hobbs Act, the Government must establish a connection between the extortionate conduct and interstate commerce. 18 U.S.C. § 1951(a).

On the morning of the scheduled trial date, June 11, 1990, both defendants, prior to the empaneling of the jury, filed motions in limine to preclude the testimony of Dr. Robert A. Voas. Upon hearing arguments from counsel and receiving the Government's proffer of Dr. Voas' testimony *in camera*, the district court orally granted the motions. No record of the arguments, the proffer, or the court's oral ruling exists

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

because the *in camera* hearing on the motions occurred in the absence of a court reporter. In a written order issued later that day, the court precluded Dr. Voas' testimony "under [Fed.R.Evid.] 702 and 403."

Left without the assistance of a record of the Government's proffer, we turn to the court's written order for a brief summary of the proffer. According to the court's order, Dr. Voas, "[i]f permitted to testify ... would establish his qualifications as an expert in alcoholism and highway safety and then testify to the same matters that were presented by him as a witness in *United States v. Wright,* 797 F.2d 245, 249 (5th Cir.1986) [, *cert. denied,* 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987)]." [1] In a footnote to the quoted sentence, the order further explains that "[t]he government has indicated that it would not attempt to elicit from Voas in this case his opinion that failure to prosecute DWI charges has a demoralizing effect upon police officers."

On June 11, 1990, the Government filed its notice of appeal from the district judge's order granting defendants' motions to preclude Dr. Voas' testimony. On June 15, 1990, the Government filed its certification that the appeal was not taken for purposes of delay and that the precluded evidence constitutes a substantial proof of a fact material in the proceedings. Accordingly, we have jurisdiction pursuant to 18 U.S.C. § 3731 (1988).

## II.

■ We review the preclusion of evidence under an abuse of discretion standard. *United States v. Norton,* 867 F.2d 1354, 1361 (11th Cir.) (quoting *United States v. Mitchell,* 666 F.2d 1385, 1390 (11th Cir.), *cert. denied,* 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1340 (1982)), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989). In order for us to hold, however, that the district court did not abuse its discretion in precluding Dr. Voas' testimony prior to trial and in the absence of a detailed and reported proffer by the Government, we would have to conclude that the precluded testimony could under no circumstances have been admissible. Based on the relevant parts of the record in this case, which include defendants' motions in limine and the district court's barebones order,[2] we cannot reach this categorical conclusion.

We first consider the reasons for precluding Dr. Voas' testimony enunciated in the district court's order. We then deter-

---

**1.** The Fifth Circuit in *Wright,* 797 F.2d at 249, found not clearly erroneous the district court's factual findings underlying its conclusion that the government had proved the interstate commerce element of a Hobbs Act crime, which conclusion relied on the following testimony given by Dr. Voas, as summarized by the Fifth Circuit:

> Mr. Voas testified that the consumption of alcohol is "a major, perhaps the major factor in causing highway accidents[ ]" [and] that the more serious an automobile accident is, the more likely it is that a drinking driver is involved. Voas also testified that a person who has been arrested for DWI has a much greater chance of later being involved in a fatal accident than has a person with no DWI arrest or conviction record. It was Voas' opinion that the higher risk can be reduced either by treating the drinking driver or by suspending or revoking his driving privileges. Voas also testified that when the public became aware, either through the press or by word of mouth, that people arrested for DWI

are not being prosecuted, then the deterrent effect of criminal sanctions is diminished. Failure to prosecute cases where the evidence is sufficient to sustain a conviction has a demoralizing effect on police officers to the point that they tend to make fewer arrests. Finally, Voas testified that alcoholism is a tremendous problem in the United States, costing the nation one hundred billion dollars per year in medical expenses and lost working time, and that people with drinking problems who finally do seek help often do so because they have been arrested and prosecuted on a charge of drunk driving.

> *Id.*

**2.** The order provided in relevant part:

> In *Wright,* a majority of the appellate panel upheld a Hobbs Act conviction based on Voas' opinions that had been received in a non-jury trial apparently without objection. Here, in this jury trial, the defendants have objected to that testimony and the court concludes under [Fed.R.Evid.] 702 and 403 that such testimony should not be permitted.

mine whether Dr. Voas' testimony, under all possible trial scenarios, would have been inadmissible as irrelevant.

## A.

■ To affirm the district court's pre-trial order precluding Dr. Voas' testimony pursuant to Fed.R.Evid. 702, we would have to find either that Dr. Voas' "scientific, technical, or other specialized knowledge" under no circumstances could have "assist[ed] the trier of fact [in this case, the jury] to understand the evidence or to determine a fact in issue,"[3] or that the district court properly exercised its discretion in finding Dr. Voas unqualified as an expert, or both.[4] Addressing the latter alternative first, we point to Dr. Voas' conspicuous absence at the *in camera* hearing that supposedly settled his lack of qualifications. The district court therefore would have had to find Dr. Voas unqualified without ever having asked Dr. Voas a single question and without ever having observed or heard Dr. Voas respond to a question posed to him by counsel for either side. Should there have been a dispute about Dr. Voas' qualifications—and, in the absence of a record or a more detailed order, we can only speculate—the district court could not have resolved it based solely upon arguments presented by counsel without abusing its discretion.

■ Turning to the other possible basis for precluding Dr. Voas' testimony pursuant to Rule 702, we cannot rule out that this testimony might have assisted the jury. Looking into our crystal ball for clues about what the trial might look like and about what might have transpired at the time the Government puts forth Dr. Voas' testimony, we can easily make out a scenario in which Dr. Voas' testimony benefits the jury. Although defendant Mitch-

ell, based on his experience as Police Chief, might well be familiar with the effects that failure to prosecute DUI offenders might or might not have on interstate commerce, defendant Mitchell might well decide not to testify, or, should he take the stand, might decide not to give his opinion on this subject. In either case, Dr. Voas' testimony on this issue would not be cumulative, and therefore would assist the jury in its deliberations.

Without the benefit of a trial transcript or a record of a detailed outline of what the trial transcript would include, which conceivably could have been established at the pre-trial hearing on defendants' motions in limine, we cannot eliminate the possibility that Dr. Voas' testimony might assist the jury. Accordingly, we cannot conclude that the trial court did not abuse its discretion in precluding Dr. Voas' testimony.

## B.

■ Similarly, we could affirm the pre-trial preclusion of Dr. Voas' testimony on the basis of Fed.R.Evid. 403 only if we found that there exists no possible trial scenario in which the probative value of this testimony would not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. In the absence of a trial transcript or a recorded and very detailed road map of the case, we cannot with any confidence arrive at this conclusion. On the sparse record before us, we simply cannot determine what probative value, if any, Dr. Voas' testimony might have at the time it is presented by the Government.

Rule 403 requires a delicate balancing of probative value against certain effects that

---

**3.** In its entirety, Fed.R.Evid. 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or edu-

cation, may testify thereto in the form of an opinion or otherwise.

**4.** The district court's order does not indicate on which of these potential grounds it relies.

testimony might have on the jury or on the trial proceedings at the moment it is presented. We can fill neither dish of this balance. On the one hand, the probative value, if any, of Dr. Voas' testimony depends heavily upon what has transpired at trial before and what will transpire following its presentation, including, but not limited to, defendant Mitchell's testimony, should he take the stand. On the other hand, the effect on the jury of Dr. Voas' testimony will depend crucially on the specific posture of the trial at the time of its presentation. *Cf. United States v. Beechum*, 582 F.2d 898, 915 (5th Cir.1978) (en banc) ("a significant consideration in determining the probative value of extrinsic offense evidence is the posture of the case"), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).[5] Whether or not Dr. Voas' testimony will cause undue delay or waste of time will likewise entirely depend upon when it is introduced. A scenario in which Dr. Voas' testimony might not constitute cumulative evidence already has been outlined above.

Finally, even if we could, and clearly we cannot, foresee where Dr. Voas' testimony would fall on the balance to be struck under Fed.R.Evid. 403 at the time of its introduction at trial, certainly we cannot predict with any confidence whether or not the district court, by giving a limiting instruction instead of excluding the evidence altogether, could circumvent any or all of the negative effects contemplated in Fed. R.Evid. 403 that might be associated with this testimony.

### C.

■ Not only are we unable to conclude that Dr. Voas' testimony, under all possible trial scenarios, would have been inadmissible on the grounds cited in the district court's preclusion order, but also we cannot find that Dr. Voas' testimony necessarily would have been inadmissible as irrelevant.

On the contrary, Dr. Voas' testimony might well have revealed a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Dr. Voas' testimony regarding the effects of failing to prosecute DUI offenders does not appear clearly irrelevant to the interstate commerce element of the Hobbs Act crimes charged in the indictment. *See United States v. Wright*, 797 F.2d 245, 249 (5th Cir.1986) (upholding a finding, based on testimony by Dr. Voas, that failure to prosecute DUI offenders results in interference with interstate commerce sufficient for Hobbs Act purposes), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987). Even if we were to find that Dr. Voas' testimony could never be relevant to any fact placed at issue in the pleadings prior to trial, we cannot exclude the possibility that this testimony might become relevant as the trial progresses and additional facts become of consequence to the trial's outcome. For example, Dr. Voas' testimony about the effects of failing to prosecute DUI offenders might become relevant as the defense, through testimony, seeks to establish either that one or both of the defendants knew nothing of any effects on interstate commerce caused by a failure to prosecute DUI offenders, or that no such effects exist. At that time, Dr. Voas' testimony would become relevant as to the credibility of the defense witness rendering this testimony, insofar as a witness' credibility becomes a consequential fact as soon as he or she takes the stand.

### III.

For the reasons stated above, we VACATE the district court's order precluding the testimony of Dr. Voas and REMAND the case with the instruction to conduct an adequate hearing on defendants' preclusion

---

5. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court

adopted as binding precedent all decisions of

motions in the presence of a court reporter.[6]

VACATED and REMANDED.

the former Fifth Circuit handed down prior to October 1, 1981.

**6.** We further urge the district court to consider whether it would be prudent to rule on defendants' preclusion motions prior to the time at which the Government intends to put Dr. Voas on the stand. As our opinion indicates, a ruling prior to trial would appear questionable in the absence of detailed presentations by both parties predicting with sufficient certainty the exact state of the record at the time the Government seeks to present Dr. Voas' testimony.