UNITED STATES of America, Plaintiff–Appellee,

v.

James Curtis BERNARD, Defendant–Appellant.

No. 92–8676.

United States Court of Appeals, Eleventh Circuit.

March 17, 1995.

---

Donald F. Samuel, Garland & Samuel, Atlanta, GA, for appellant.

Samuel A. Wilson, Jr., Asst. U.S. Atty., Macon, GA, for appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

A jury convicted the appellant, James Curtis Bernard, of violating the Hobbs Act, 18 U.S.C. § 1951, which provides, in relevant part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by extortion ... shall be imprisoned for not more than twenty years. . . .

■ In order to sustain its burden of proof in a Hobbs Act prosecution, the government must establish an impact on interstate commerce. *United States v. Eaves*, 877 F.2d 943 (11th Cir.1989).

■ The issues presented in this case are: (1) whether a prosecutor's solicitation of a bribe from a criminal defendant has the requisite impact on interstate commerce where the defendant is charged with a cocaine offense and no other evidence shows an interstate nexus; and (2) whether the district court erred when it instructed the jury in this case that the distribution of cocaine and marijuana had an impact on interstate commerce.[1]

The government urges that we affirm this conviction because it was not required to prove that the cocaine involved in this case had an actual impact on interstate commerce. According to the government, Congress declared that possession of illegal drugs impacts upon interstate commerce when it enacted section 801 of Title 21, United States Code, which provides in pertinent part:

> (3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because—
>
> (A) after manufacture, many controlled substances are transported in interstate commerce,
>
> (B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and
>
> (C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession.
>
> (4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances.
>
> (5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and distributed intrastate.
>
> (6) Federal control of the intrastate incidents of the traffic in controlled substances

---

1. We find no merit in the appellant's other claim that the government's preemptory strikes were racially motivated.

is essential to the effective control of the interstate incidents of such traffic.

We agree with the government that it is this congressional finding that authorizes federal prosecutors to enforce the laws against possession, manufacture, and sale of controlled substances. This finding has been held to be constitutional. *United States v. Lopez,* 459 F.2d 949 (5th Cir.), *cert. denied,* 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972). *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981). A public official's receipt of a bribe in return for nonenforcement of drug laws, through definition, impacts upon interstate commerce. The Hobbs Act applies to extortion for nonperformance of duties as well as performance of official duties. We conclude that possession and sale of illegal drugs impacts upon interstate commerce; enforcement of laws against possession or sale of illegal drugs impacts interstate commerce; deliberate nonenforcement of laws against possession or sale of illegal drugs impacts interstate commerce; and a public official's solicitation of bribes in return for not enforcing drug laws impacts interstate commerce. *See United States v. Mitchell,* 954 F.2d 663 (11th Cir.1992).

Accordingly, we affirm the convictions and the judgments in this case.

AFFIRMED.