[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16222
Non-Argument Calendar

_____

D. C. Docket No. 93-04019-4-CR-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAROL L. MOON,

Defendant-Appellant.

_____

No. 04-16223
Non-Argument Calendar

_____

D. C. Docket No. 93-04019-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS PAUL KANZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(September 22, 2005)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Carol Moon Hall and Douglas Paul Kanz, both proceeding pro se, appeal the district court's denial of their "verified petition[s] for relief in the nature of writ of error coram nobis pursuant to 28 U.S.C. § 1651 and F.R.C.P. 60(b)(4)."[1]  In these petitions, they asserted that their criminal convictions for drug violations were void because the federal government lacked jurisdiction to convict them, as (a) the federal government lacked police power within the individual states; (b) their conduct did not constitute a violation of 21 U.S.C. § 841; (c) the alleged violations did not occur within the federal government's geographical boundaries; and (d) federal laws banning controlled substances were outside Congress's Commerce Clause power.

_____

[1] The cases were consolidated on appeal.

The underlying facts of the convictions are as follows. Moon and her brother agreed to obtain marijuana in Texas and transport it into Florida. They enlisted Moon's son, Kanz, who had a pilot's license, to rent and fly the planes used to pick up the drugs. The conspirators stored the drugs at Moon's apartment and sold the drugs in Florida, South Carolina, and Ohio. Moon and Kanz pleaded guilty to conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841 and 846. Moon was sentenced to three years probation. Kanz was sentenced to twenty-four months imprisonment, but the sentence was reduced to twelve months upon the government's motion for a reduction based on substantial assistance. After completion of their sentences, Moon and Kanz filed the instant petitions for coram nobis relief.

Assuming that the writ was available, the magistrate judge recommended that coram nobis relief be denied because caselaw established the validity of Congress's Commerce Clause power to prohibit controlled substances. The district court adopted the recommendation, over Moon's and Kanz's objections, and denied relief. Moon and Kanz requested reconsideration, which the court denied.

On appeal, Moon and Kanz argue that the district court erred by denying relief because the court's analysis of the arguments conflicts with Supreme Court precedent and the reasoning of other circuits, and they reiterate that the federal

3

government lacked authority to prohibit their conduct or to invade state sovereignty to prosecute them.[2]

We review a district court's denial of coram nobis relief for abuse of discretion, keeping in mind that "an error of law is an abuse of discretion per se."[3] United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002) (citing Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000)). "In order to determine whether [Moon and Kanz are] entitled to relief, therefore, [this court] must determine whether the error . . . was of such a "fundamental character" as to have "rendered the proceeding itself irregular and invalid." Id. at 712.

Here, the district court did not abuse its discretion. This court has rejected the appellants's argument that federal drug laws are an unconstitutional exercise of Congress's Commerce Clause power. United States v. Lopez, 459 F.2d 949, 953

---

[2] They also appear to argue that the government lacks standing because it did not respond to the pleadings before the district court. That argument is without merit, as the United States is the respondent in this action. They further argue that the court erred by denying the requests for findings of fact and conclusions of law. That argument also lacks merit because the alleged findings of fact were the disputed issues, and, therefore, the court did not err by denying the requests. Finally, Moon and Kanz are not entitled to relief under Fed.R.Civ.P. 60(b), as they cannot use the rules of civil procedure to challenge their criminal convictions. See Fed.R.Civ.P. 1.

[3] "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." Peter, 310 F.3d at 712. Because Moon and Kanz have completed their sentences and are no longer in custody, the writ would be an available remedy.

(5th Cir. 1972).[4] See also United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997); United States v. Bernard, 47 F.3d 1101, 1103 (11th Cir. 1995). Because there was no error of law, the district court did not abuse its discretion by denying coram nobis relief. Accordingly, we AFFIRM the district court.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.