[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15568
Non-Argument Calendar
_____

D. C. Docket Nos. 04-21663-CV-UUB
02-20206-CR-UUB

CARMEN G. CRUZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 11, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Federal prisoner Carmen Cruz, proceeding *pro se*, appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. The district court granted a certificate of appealability ("COA") on the issue of "whether [Cruz] was denied the effective assistance of counsel."[1] Cruz argues on appeal that Joseph Bevilacqua ("Bevilacqua"), an attorney with a firm representing both her and her co-defendant Vincent Capaldi ("Capaldi"), provided her with legal advice and was ineffective by misrepresenting matters regarding the decision to plead guilty and failing to properly investigate the case. Cruz contends that Bevilacqua persuaded her to plead guilty so she would not reveal information about Bevilacqua's personal problems with drugs. Cruz argues that she does not have to demonstrate prejudice because an actual conflict existed. Cruz also argues that Bevilacqua failed to investigate her case and did not inform her of defenses she could have presented at trial.

In response, the government contends that Cruz is procedurally barred from

---

[1] Cruz requests in her reply brief on appeal for the first time that we grant a COA on the issue of whether her sentence was enhanced by the district court in violation of her Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). First, we have stated that "[t]he only way a habeas petitioner may raise on appeal issues outside those specified by the district court in the certificate is by having the court of appeals expand the certificate to include those issues," and that a motion to expand "must be filed promptly, well before the opening brief is due." *Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999). In addition, this issue is abandoned because Cruz failed to raise it in her initial brief. *See United States v. Levy*, 416 F.3d 1273, 1276 (11th Cir. 2005). Thus, we will not consider Cruz's request to expand the COA.

raising her claim of conflict of counsel for the first time in her § 2255 motion because she knew about the conflict at the time of the *Garcia*[2] hearing and did not raise it in on direct appeal.  The government also argues that Cruz waived her right to conflict-free counsel by choosing to have counsel from the same firm as co-defendant Capaldi after being informed of the dangers of this conflict by the district court.

## I.

In federal habeas appeals based on claims of ineffective assistance of counsel, we review the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact *de novo*.  *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001).

### A.  *Procedural Default*

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  The Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim

---

[2] *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).

on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003). We generally will not consider on direct appeal claims of ineffective assistance of counsel if the district court neither entertained the claims nor developed a factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

The record demonstrates that Cruz concedes that she knew about Bevilacqua's drug activities with Capaldi when her case was in the district court, yet she failed to inform the court at the time. Cruz noted in her motion for substitution of counsel before sentencing in the district court that her relationship with counsel had deteriorated, but did not elaborate on the circumstances or develop a factual record in the district court regarding an ineffective assistance of counsel that would have allowed for meaningful review. Because *Massaro* states that an ineffective assistance of counsel claim will not be defaulted even if it could have been raised on direct appeal, and because the record in the district court was not developed on the full scope of Cruz's ineffective assistance claim to allow for meaningful review, we hold that the district court properly found that Cruz did not procedurally default her ineffective assistance of counsel claim by failing to raise it in her direct appeal.

B. *Waiver*

4

A criminal defendant's right to effective assistance of counsel is violated where the defendant's attorney has an actual conflict of interest that affects the defendant adversely. *United States v. Rodriguez,* 982 F.2d 474, 477 (11th Cir. 1993). We have explained the process by which a criminal defendant may waive the right to conflict-free counsel:

> A defendant may waive this right by choosing to proceed to trial with an attorney who has an adverse conflict of interest. . . . A determination that defendants have waived the right to conflict-free counsel disposes of the need to evaluate the actual or potential ineffectiveness of counsel caused by the alleged conflicts of interest. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. . . .
>
> A defendant's waiver must be established by clear, unequivocal, and unambiguous language. The record should show, in some way, that the defendant was aware of the conflict of interest; realized the conflict could affect the defense; and knew of the right to obtain other counsel.

*Id.* (quotations and citations omitted). While the court should seek to elicit a narrative response from the defendant, "[m]ere assent in response to a series of questions from the bench may in some circumstances constitute an adequate waiver." *Garcia*, 517 F.2d at 278.

We conclude from the record that the district court was correct in finding that Cruz waived the right to conflict-free counsel and agreed to proceed with

5

counsel from the same firm that represented Capaldi. At the *Garcia* hearing, the court explained to Cruz that having the same law firm represent her and Capaldi could lead to favoritism of one client over another and inhibit her ability to communicate freely with counsel. The court explicitly informed her that she had a right to independent counsel. The court also inquired as to whether she had been given any assurances or coerced into having the same representation. Cruz assented that she understood these concerns and wished to have Bevilacqua's and John Cicilline's law firm represent her. The district court correctly found that the *Garcia* hearing informed Cruz of the conflict, of how the conflict could affect her defense and of her right to independent counsel.

Under *Rodriguez*, this waiver forecloses appellate review of any effective assistance of counsel claim arising out of the conflict of interest of Cruz and Capaldi having counsel from the same law firm. *Rodriguez,* 982 F.2d at 477. This waiver encompasses any claim by Cruz that Bevilacqua acted as her counsel instead of Cicilline.

Although the majority of Cruz's claims in her § 2255 motion allege that her counsel was ineffective due to the conflict arising from his desire to keep information about his personal behavior quiet, a review of the *Garcia* hearing and Cruz's pleadings reveals that she was also aware of this conflict at the time of the

6

hearing and the various ways it could affect her defense, and that she had a right to independent counsel. Cruz stated in her § 2255 motion that Bevilacqua knew that she was aware of his illegal behavior with Capaldi and failed to advise her of her right to independent counsel because of it. Cruz claimed that Bevilacqua convinced her to plead guilty out of concern of keeping this information secret. Cruz stated in her § 2255 motion and her brief on appeal that Bevilacqua assured her that the information would not become public if she pled guilty. Thus, Cruz admits that she was aware of the conflict and that her knowledge of the information about Bevilacqua was affecting his legal advice.

While the *Garcia* hearing was not framed to deal with the specific conflict at issue here, the court did inform Cruz during the hearing that she had the right to effective assistance of counsel and to an independent lawyer. Thus, the record supports the district court's finding that Cruz also waived the right to have an attorney free from the conflicts carried by Bevilacqua's personal behavior. This waiver prevents Cruz from raising any ineffective assistance of counsel claims caused by the conflict. As found by the district court, this waiver encompasses all of Cruz's ineffective assistance of counsel claims, except for the failure to investigate claim.

Even if we had not reached this conclusion, we would still deny Cruz's

7

ineffective assistance of claims because she failed to demonstrate prejudice.

C. *Ineffective Assistance of Counsel Claims*

A defendant claiming ineffective assistance of counsel must demonstrate both professional error and prejudice to the outcome of the proceedings, and the failure to demonstrate either is dispositive of the claim against the petitioner. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069, 80 L. Ed. 2d 674 (1984). In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 688, 104 S. Ct. at 2065. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697, 104 S. Ct. at 2069.

The *Strickland* two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203

8

(1985)). However, under the first prong, counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994). (Citation and quotations omitted). Moreover, in order to satisfy *Strickland*'s prejudice prong, a defendant must show not only that counsel committed professional error, but also a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Pease*, 240 F.2d at 941. To be entitled to collateral relief in such cases, a petitioner must "prove serious derelictions on the part of counsel sufficient to show that [her] plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985).

A criminal defendant is entitled to conflict-free representation. *Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S. Ct. 1708, 1717, 64 L. Ed. 2d 333 (1980). In *Cuyler*, the Supreme Court considered a claim of ineffective assistance of counsel where defense counsel represented three co-defendants without objection. *Id.* at 337-38, 100 S. Ct. at 1712. The Supreme Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's

9

performance." *Id.* at 348, 100 S. Ct. at 1718. The Supreme Court further stated that a "defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id.* at 349-350, 100 S. Ct. 1708. "If there is a guilty plea involved, this court looks at whether the attorney's actual conflict adversely affected the defendant's decision to plead guilty." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001).

The Supreme Court later clarified the scope of the standard in *Cuyler*:

[Courts of Appeals] have invoked the [*Cuyler v.* ] *Sullivan* standard not only when (as here) there is a conflict rooted in counsel's obligations to *former* clients, . . . but even when representation of the defendant somehow implicates counsel's personal or financial interests, including a book deal, a job with the prosecutor's office, the teaching of classes to Internal Revenue Service agents, a romantic "entanglement" with the prosecutor, or fear of antagonizing the trial judge.

It must be said, however, that the language of *Sullivan* itself does not clearly establish, or indeed even support, such expansive application. . . . Both *Sullivan* itself, and *Holloway*[ *v. Arkansas*, 435 U.S. 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978)], stressed the high probability of prejudice arising from multiple concurrent representation, and the difficulty of proving that prejudice. Not all attorney conflicts present comparable difficulties.

*Mickens v. Taylor,* 535 U.S. 162, 174-75, 122 S. Ct. 1237, 1245, 152 L. Ed. 2d 291 (2002) (citations omitted).

Although Cruz and the government both contend that the *Cuyler* standard

10

should apply and Cruz should only be required to show that there was an actual conflict that adversely affected counsel's performance, *Mickens* indicated that *Cuyler* should be limited to situations of multiple concurrent representation where there is an inherent high probability of prejudice. As discussed above, Cruz's ineffective assistance of counsel claims are based on an alleged personal conflict of Bevilacqua not wanting personal information about him to become public, not from the fact of her and Capaldi being represented by the same law firm. The Supreme Court in *Mickens* explicitly stated that the language in *Cuyler* did not support expansion of the standard into cases involving counsel's personal interests. *Mickens,* 535 U.S. at 174-75, 122 S. Ct. at 1245. Therefore, we will examine whether Cruz was prejudiced by her counsel's alleged ineffectiveness.

As an initial matter, it is noteworthy that Cruz admitted to facts during the plea hearing that demonstrated she was significantly involved in the offense conduct. Cruz admitted that she was with the other co-defendants at Janet Shaw's house when they discussed a drug deal with "Luciano." Cruz further admitted that she was in the car with Oswaldo Castillo when he had kidnaped Shaw and took her to a hotel room, and accompanied the other co-defendants to a Home Depot parking lot where they were supposed to meet Shaw's employer to extort money for her return. This proffer established that Cruz's involvement was significant

11

enough to demonstrate that she was involved in a conspiracy to possess drugs and was involved in extorting money through kidnaping and threatened force.

Cruz claims that her counsel was ineffective for failing to investigate the case and argues that she had a defense to the charge of conspiracy to affect commerce by extortion and threatened force, in violation of 18 U.S.C. § 1951(a), because there was no nexus to interstate commerce. In the context of a § 1951(a) prosecution, however, the government needs only to establish a minimal nexus to interstate commerce. *United States v. Klopf*, 423 F.3d 1228, 1237-38 (11th Cir. 2005). The conspiracy to possess drugs has the requisite impact on interstate commerce. *See United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995). Thus, Cruz suffered no prejudice from her counsel failing to investigate the case because she had no viable defense based on a lack of nexus to interstate commerce.

Finally, even if Cruz had not waived her claims that her counsel misrepresented facts about the case and sentencing and coerced her into pleading guilty, she could not demonstrate prejudice. Cruz had ample time at the plea hearing and afterward to correct the conflict, of which she admits she was aware at the time of her plea. At the plea hearing, Cruz stated twice that she was fully satisfied with her representation from counsel. Cruz also stated that no one had made any promises or assurances to her, or coerced her into pleading guilty. The

12

court also explained to her the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else. The court also informed her of her right to plead not guilty and continue to trial. Cruz never mentioned that her counsel had coerced her into pleading guilty or assured her that she would receive a lesser sentence. Furthermore, after Cruz received the Presentence Investigation Report and moved to have counsel substituted, she never openly complained about her counsel's ineffectiveness or attempted to withdraw her guilty plea. Thus, Cruz is unable to demonstrate prejudice due to the fact that she was aware of her attorney's conflict, was informed of her rights and disavowed any problems with counsel at the plea hearing, and still elected to plead guilty after Juan Mourin was substituted as her counsel of record.

Therefore, based on the above considerations, Cruz cannot show that she was prejudiced by her counsel's behavior and we affirm the denial of her ineffective assistance of counsel claims.

**AFFIRMED.**