[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 07, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16618
Non-Argument Calendar

_____

D. C. Docket No. 05-60108-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTHA PETERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 7, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Otha Peterson appeals his 120-month sentence for knowingly and

intentionally distributing and possessing with intent to distribute at least five grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1)(B). The government filed an information, pursuant to 21 U.S.C. § 851, seeking to enhance Peterson's sentence based on his prior felony drug convictions.

Peterson first contends that the district court violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial when it enhanced his sentence based on prior convictions that were alleged in the government's § 851 information but not the indictment. Peterson acknowledges that his argument is foreclosed by United States v. Almendarez-Torres, 523 U.S. 224, 118 S. Ct. 1219 (1998). He states, however, that he wishes to preserve the issue on appeal. The government responds that Peterson has already waived his right to raise challenges to his sentence that are based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

There is no need to resolve whether Peterson has waived his right to raise an argument that is presently a loser. Almendarez-Torres remains good law. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). A district court can use prior convictions to enhance a sentence even if those convictions were not alleged in the indictment or proven to a jury. See United States v. Gibson, 434 F.3d 1234, 1246 (11th Cir.), cert. denied, 126 S. Ct. 2911 (2006). This circuit is

2

"bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court." United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006).

Second, Peterson contends that Congress' power to enact criminal laws pursuant to the Commerce Clause does not reach his conduct because his crime was a local street-corner sale that did not directly utilize the instrumentalities or channels of interstate commerce. However, the Controlled Substances Act does not leave to the courts the task of determining whether a particular drug sale affects interstate commerce. United States v. Lopez, 459 F.2d 949, 953 (5th Cir. 1972).[1] Lopez expressly upheld Congress' power to enact 21 U.S.C. § 841(a). Id.; see also United States v. Bernard, 47 F.3d 1101, 1103 (11th Cir. 1995) (same). "The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity." United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997).

Peterson notes that in recent years both the Supreme Court and this circuit have appeared more solicitous towards challenges based on the Commerce Clause. See e.g. United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995); United

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

States v. Denalli, 73 F.3d 328 (11th Cir. 1996). Whatever else these cases may mean for our Commerce Clause jurisprudence, they do not call into question the constitutionality of the Controlled Substances Act. The Supreme Court made this point explicit last year in Gonzales v. Raich, 545 U.S. 1, 125 S. Ct. 2195 (2005), in which it rejected a challenge to the act brought by purely intrastate growers and consumers of marijuana.

Third, Peterson argues that his enhanced term of incarceration violates the Eighth Amendment prohibition against cruel and unusual punishment. He concedes that longer sentences may be imposed upon recidivists even if the offense of conviction is relatively minor in nature. See United States v. Lyons, 403 F.3d 1248, 1256–57 (11th Cir.), cert. denied, 126 S. Ct. 732 (2005); see also Ewing v. California, 538 U.S. 11, 16, 30–31, 123 S. Ct. 1179, 1183, 1190 (2003) (affirming a 25-year to life sentence given to recidivist who stole three golf clubs priced at $399 each). Nonetheless, he argues that the sentence enhancement occurred only because the government moved the case from state to federal court and then filed under § 851, despite initially indicating that it did not intend to do so. This "capricious" behavior, he asserts, moves the sentence enhancement into the realm of unconstitutionality.

Because Peterson raised this claim for the first time on appeal, it is

4

reviewable only for plain error.  United States v. Thompson, 422 F.3d 1285, 1300 (11th Cir. 2005).  "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (citations and internal quotation marks omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  (citation and internal quotation marks omitted).

The district court did not plainly err.  It enhanced Peterson's sentence by only 20 months for his recidivism.  The sentence still was within the guideline range.  That the government opted to file under § 851 does not create a constitutional problem.  The Supreme Court "has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case."  Ball v. United States, 470 U.S. 856, 859, 105 S. Ct. 1668, 1670 (1985).

**AFFIRMED.**