United States Court of Appeals, Eleventh Circuit.

No. 95-3468

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Bernard JACKSON, Defendant-Appellant.

April 25, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-CR-5014-RV), Roger Vinson, Judge.

Before BIRCH and DUBINA, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Larry Bernard Jackson challenges his conviction for possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a), the Drug-Free School-Zones Act, because he alleges that section 860(a) is an unconstitutional extension of Congressional power under the Commerce Clause. We review the constitutionality of a federal statute *de novo*. *United States v. Osburn,* 955 F.2d 1500, 1503 (11th Cir.1992). We find section 860(a) to be constitutional and, consequently, affirm the conviction.

Jackson argues that section 860(a) is unconstitutional in view of the Supreme Court ruling in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In *Lopez,* the Court held that Congress exceeded its power under the Commerce Clause by enacting a statute prohibiting possession of a firearm within 1000 feet of a school. *Id.* at ----, 115 S.Ct. at 1626. The Court determined that possession of a firearm in a school zone involved

no commercial activity and showed no substantial nexus with interstate commerce. *Id.* Jackson argues that the same principles should apply to possession with intent to distribute illegal drugs in a school zone.

Although this circuit has not addressed directly the constitutionality of section 860(a), we have refused to apply *Lopez* broadly in other contexts. *See United States v. McAllister,* 77 F.3d 387 (11th Cir.) (finding constitutional a statute which makes possession of a firearm by a felon a criminal offense), *cert. denied,* --- U.S. ----, 117 S.Ct. 262, 136 L.Ed.2d 187 (1996); *Cheffer v. Reno,* 55 F.3d 1517 (11th Cir.1995) (holding that the Freedom of Access to Clinic Entrances Act of 1994 was within Congress's Commerce Clause power because the provision of reproductive services was a commercial activity). Furthermore, every circuit that has considered a *Lopez* challenge of section 860(a) has upheld the statute as a lawful exercise of Congressional power. *See United States v. Ehrlich,* 106 F.3d 409 (9th Cir.1997) (table) (unpublished opinion available through computer assisted research); *United States v. Hawkins,* 104 F.3d 437, 439-40 (D.C.Cir.1997); *United States v. Ekinci,* 101 F.3d 838, 844 (2d Cir.1996); *United States v. McKinney,* 98 F.3d 974, 977-80 (7th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1119, --- L.Ed.2d ---- (1997); *United States v. Orozco,* 98 F.3d 105, 106-07 (3d Cir.1996); *United States v. Zorrilla,* 93 F.3d 7, 8-9 (1st Cir.1996); *United States v. Tucker,* 90 F.3d 1135, 1139-41 (6th Cir.1996).

The illegal possession and sale of drugs affects interstate

commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity. *United States v. Bernard,* 47 F.3d 1101, 1103 (11th Cir.1995) (per curiam). Under this constitutional authority, Congress has the power to regulate drug activity in a school zone. We adopt the reasoning of our sister circuits in concluding that 21 U.S.C. § 860(a) is a constitutional exercise of power under the Commerce Clause.

We AFFIRM.