[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

——————————————

No. 97-8226

——————————————

D. C. Docket No. 1:96-CR-48-2

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/21/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WING KIM LEE a.k.a. Sase,
AH CHU CHAN a.k.a. Teddy Chan,

Defendants-Appellants.

——————————————

Appeals from the United States District Court
for the Northern District of Georgia

——————————————
**(April 21, 1999)**

Before COX and BIRCH, Circuit Judges, and THRASH[*], District Judge.

PER CURIAM:

———————————

[*]Honorable Thomas W. Thrash, U. S. District Judge for the Northern District of Georgia, sitting by designation.

William King Lee and Ah Chu Chan were convicted, following a jury trial, for operating an illegal gambling casino in Doraville, Georgia, in violation of the federal gambling statute, 18 U.S.C. § 1955.[1]  On appeal, they contend that the federal gambling statute is an unconstitutional exercise of Congress's power under the Commerce Clause.  The district court rejected this challenge.  We affirm.[2]

Lee and Chan were involved in the operation of a gambling casino located in the Hip Sing building in Doraville, Georgia.  Chan admitted to being a "shareholder" in the casino, actively involved in its management.  Lee was described as the building manager.  The casino operation was substantial; Chan reported that the casino made a $110,000 profit on its opening night.

---

[1]    Chan was also convicted on other charges.

[2]    In addition to challenging the constitutionality of § 1955, Chan presents the following arguments on appeal.  He contends:  (1) that he is entitled to an acquittal as a matter of law because of outrageous governmental misconduct and overreaching; (2) that there was insufficient evidence that he was predisposed to commit the money laundering crimes, and that there was insufficient evidence to find him guilty of conspiracy to commit money laundering or to find him guilty of the substantive offenses; (3) that his convictions for money laundering must be reversed because the jury was misled by the court's supplemental instruction and because the initial pattern instruction did not reflect the current law; (4) that his right to a fair trial was prejudicially affected because of the prosecutor's pervasive misconduct in introducing two extrinsic acts that were improper and highly prejudicial character evidence; and (5) that the indictment was insufficient because it failed to charge an offense, and it was duplicitous making it impossible to determine the jury's verdict. *See* Appellant's Brief at 1-2.  We conclude that these arguments are without merit and do not warrant further discussion. *See* 11th Cir. R. 36.1.

2

We review *de novo* the district court's determination that 18 U.S.C. § 1955[3] is a consitutional exercise of Congress's power under the Commerce Clause. *See United States v. Jackson*, 111 F.3d 101 (11th Cir. 1997).

Appellants acknowledge that the former Fifth Circuit held in *United States v. Harris* that § 1955 was a constitutional exercise of Congress's commerce power. *United States v. Harris*, 460 F.2d 1041, 1049 (5th Cir. 1972) ("The exercise of congressional authority under the granted power of the Commerce Clause for the permitted end of controlling illegal gambling as defined in 18 U.S.C. § 1955 is clearly constitutional.") Appellants contend, however, that our circuit precedent must be revisited in light of the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624 (1995).

In *Lopez*, the Supreme Court invalidated the Gun-Free School Zones Act, 18 U.S.C. § 922(q), as an unconstitutional exercise of Congress's power under the Commerce Clause.

---

[3]     Section 1955 provides in relevant part:

**§ 1955.  Prohibition of illegal gambling businesses**
(a)     Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined . . . or imprisoned . . . or both.
(b)     As used in this section–
    (1)     "illegal gambling business" means a gambling business which–
        (i)      is a violation of the law of a State or political subdivision in which it is conducted;
        (ii)     involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
        (iii)    has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

Two of our sister circuits have considered the constitutionality of § 1955 in light of *Lopez*, and both have concluded that the statute is constitutional. *See United States v. Wall*, 92 F.3d 1444 (6th Cir. 1995); *United States v. Zizzo*, 120 F.3d 1338 (7th Cir. 1997).

In *Wall*, the Sixth Circuit noted that while § 1955 is similar to § 922(q), § 1955 "has a stronger link to commerce than does § 922(q)." *Wall*, 92 F.3d at 1449. The court reasoned that "[o]n its face, the statute [§ 1955] has a commercial aspect. It does not prohibit gambling per se; rather, it punishes those who 'conduct[ ] . . .an illegal gambling *business*.'" *Id.* (quoting 18 U.S.C. § 1955(a)). The court concluded that "[b]y its terms, § 1955 is commercial in nature and is not favorably compared to possession of a gun in a school zone, which clearly does not involve commercial activity." *Id.* Similarly, the Seventh Circuit noted that "[s]ection 1955 stands in sharp contrast to the Gun-Free School Zones Act." *Zizzo*, 120 F.3d at 1350. It concluded that "§ 1955 has a commercial aspect. It prohibits illegal gambling *businesses*." *Id*. We agree with the Sixth and Seventh Circuits. We conclude that § 1955 is not like § 922(q), and that *Lopez* does not undermine our precedent upholding § 1955.

Furthermore, we have said in a post-*Lopez* decision, that if Congress, or a committee thereof, makes legislative findings that a statute regulates activities with a substantial effect on commerce, a court may not override those findings unless they lack a rational basis. *See United States v. Olin Corporation*, 107 F.3d 1506, 1509 (11th Cir. 1997). In passing § 1955, Congress set forth a clear legislative history demonstrating its concern for illegal gambling and its effect on commerce. *See Harris,* 460 F.2d at 1044. Appellants have not demonstrated that these congressional findings lack a rational basis.

4

We conclude that *Lopez* did not undermine this Circuit's precedent holding that 18 U.S.C. § 1955 is a constitutional exercise of Congress's power under the Commerce Clause.

AFFIRMED.