[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2005
THOMAS K. KAHN
CLERK

No. 05-10053
Non-Argument Calendar

_____

D. C. Docket No. 03-00223-CR-J-12TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK LAWRENCE SNYDER, JR.,
a.k.a. William Ball,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2005)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Frederick Lawrence Snyder pleaded guilty to

manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841. The government gave notice that Snyder was subject to an enhanced ten-year mandatory minimum sentence under 21 U.S.C. § 851 based on his prior conviction for possession of cocaine. 21 U.S.C. §§ 841(b)(1), 851. Snyder challenged the enhanced mandatory minimum, alleging that § 851 violated the Sixth Amendment in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

At sentencing, the court determined that Blakely did not require the government to plead prior convictions in the indictment or prove them to a jury, and sentenced Snyder to 120 months imprisonment.

On appeal, Snyder challenges the use of his prior conviction to enhance his sentence, and he questions the continued validity of Almendarez-Torres. He concedes, however, that this court has rejected his argument.

In United States v. Booker, 542 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),[1] the Supreme Court held that Blakely applied to the federal sentencing guidelines and that in a mandatory guidelines regime, the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be

---

[1] This court now reviews Blakley arguments under Booker.

2

admitted by the defendant or proven to a jury beyond a reasonable doubt. 125 S.Ct. 738.

Because Snyder preserved his Booker challenge in the district court, we review the sentences de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The constitutionality of a statute is a question of law that we also review de novo. United States v. Jackson, 111 F.3d 101, 101 (11th Cir. 1997).

We conclude that there is no merit to Snyder's argument. An enhancement based on a prior conviction, even if not admitted by the defendant or proved to a jury, does not represent a constitutional Booker error. United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005). The Supreme Court's decision in Shepard v. United States, 125 S.Ct. 1254 (2005), does not alter this conclusion. United States v. Gallegos-Aguero, 409 F.3d 1274, 1276-77 (11th Cir. 2005); Camacho-Ibarquen, 404 F.3d at 1290 n.3. Moreover, Booker had no effect on the validity of mandatory minimum sentences. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Accordingly, we AFFIRM the sentence imposed.