[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15403
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00437-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMAN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2017)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Herman Smith appeals his conviction and Armed Career Criminal Act ("ACCA") enhanced sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We address each of his arguments in turn.

## I.

On appeal, Smith first argues the government failed to prove that he committed three qualifying offenses on different occasions.  Additionally, he contends that the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), abrogated our decision in *United States v. Weeks*, 711 F.3d 1255, 1260 (11th Cir. 2013), which would otherwise foreclose his argument.

We generally review constitutional challenges to a sentence *de novo*. *United States v. Paz,* 405 F.3d 946, 948 (11th Cir. 2005).  Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he possesses three prior convictions for a violent felony or serious drug offense "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

To prove that the prior offenses occurred on different occasions, the government must use only those documents approved in *Shepard v. United States,* 544 U.S. 13 (2005), such as the charging documents, plea agreements and colloquies, jury instructions, and other comparable judicial records.  *United States*

*v. Sneed*, 600 F.3d 1326, 1332–33 (11th Cir. 2010).  We previously held that district courts may determine the factual nature of prior convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved sources.  *Weeks*, 711 F.3d at 1260.

Under the prior panel precedent rule, subsequent panels are bound by the holding of a prior panel until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or of our Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  The intervening decision "must be clearly on point."  *Id.*

In both *Descamps* and *Mathis*, the Supreme Court examined the question of when sentencing courts may apply the "modified categorical approach" to determine if a crime qualifies as an ACCA violent felony, given that the "elements" of a crime must be proven beyond a reasonable doubt.  *Mathis*, 136 S. Ct. at 2243; *Descamps*, 133 S. Ct. at 2276.

Neither *Descamps* nor *Mathis* is "clearly on point," as neither case addressed whether the dates of prior convictions need to be proven beyond a reasonable doubt to sustain a conclusion that previous convictions occurred on different occasions; thus, they did not overrule or undermine *Weeks* to the point of abrogation.  *See Mathis*, 136 S. Ct. at 2248–54; *Descamps*, 133 S. Ct. at 2282–93; *Archer*, 531 F.3d at 1352.  Therefore, *Weeks* forecloses Smith's argument in the

3

instant appeal. *See Weeks*, 711 F.3d at 1260. Accordingly, the district court did not err by concluding that Smith committed three previous felonies on different occasions.

## II.

Smith next argues that his prior Florida convictions under Fla. Stat. § 893.13 did not qualify as serious drug offenses for purposes of the ACCA because the Florida statute does not include a *mens rea* element. For the first time on appeal, he also challenges whether his 2002 and 2009 convictions qualified as serious drug offenses because the Florida charging documents provided alternative means by which Smith could have committed the offenses.

We review *de novo* whether a prior conviction is a serious drug offense within the meaning of the ACCA. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002). However, we review for plain error sentencing issues not raised in the district court. *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014). A general objection is insufficient to preserve specific sentencing issues for review. *United States v. Carpenter*, 803 F.3d 1224, 1237-38 (11th Cir. 2015). Thus, we review for plain error new arguments on appeal that were not raised before the district court, even though the arguments support an objection raised in the district court. *See Weeks*, 711 F.3d at 1261. No plain error exists where

4

precedent from the Supreme Court or our Court fails to directly resolve an issue. *Id.*

The ACCA broadly defines a serious drug offense to include any offense involving the manufacture, distribution, or possession with intent to manufacture or distribute drugs. 18 U.S.C. § 924(e)(2)(A)(ii); *United States v. White*, 837 F.3d 1225, 1233 (11th Cir. 2016). We previously held that convictions under Fla. Stat. § 893.13(1) qualify as serious drug offenses pursuant to the ACCA, despite the Florida statute's lack of a *mens rea* element. *United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014)

Here, Smith's argument is directly foreclosed by our decision in *Smith*. 775 F.3d at 1266–68. In addition, the district court did not plainly err in determining that Smith's 2002 and 2009 convictions qualify as serious drug offenses, because Smith failed to show any precedent from the Supreme Court or our Court establishing that they do not qualify. *See Weeks*, 711 F.3d at 1261.

## III.

Smith further argues that his ACCA-enhanced sentence above the otherwise-applicable statutory maximum violated his Fifth and Sixth Amendment rights because his prior convictions were not charged in an indictment and proven to a jury beyond a reasonable doubt.

In *Almendarez-Torres v. United States*, the Supreme Court held that the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions in order for a sentencing court to use those convictions for purposes of enhancing a sentence.  523 U.S. 224, 226–27 (1998).  We "consistently held" that district courts may determine both the existence of prior convictions and the factual nature of those convictions.  *Weeks*, 711 F.3d at 1259.

Here, our decision in *Weeks* directly forecloses Smith's argument.  *Weeks* dictates that a failure to include facts of a defendant's prior convictions and prove them at trial for purposes of an ACCA enhancement does not violate the Fifth and Sixth Amendments.  *See Weeks*, 711 F.3d at 1259.  Thus, there was no error, plain or otherwise, regarding the constitutionality of Smith's ACCA enhancement under the Fifth and Sixth Amendments.

## IV.

Smith also argues that we should vacate his conviction because § 922(g)(1) is unconstitutional, both facially and as applied to him, because the statute exceeds Congress's authority under the Commerce Clause.

We typically review the constitutionality of a federal statute *de novo*.  *United States v. Jackson*, 111 F.3d 101, 101 (11th Cir. 1997).  However, constitutional objections that were not raised before the district court are reviewed only for plain error.  *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).  A failure

to object to allegations of fact in a presentence investigation report admits those facts for sentencing purposes. *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010).

We repeatedly held that the express jurisdictional element in 18 U.S.C. § 922(g) defeated constitutional challenges to the statute under the Commerce Clause. *See, e.g.*, *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) (holding that § 922(g) is not unconstitutional as applied to "a defendant who possessed a firearm only intrastate" when the government demonstrated that the firearm moved in interstate commerce); *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); *United States v. McAllister*, 77 F.3d 387, 389–90 (11th Cir. 1996) (holding that, even in the wake of *United States v. Lopez*, 514 U.S. 549 (1995), as long as the firearm in question has a "minimal nexus" to interstate commerce, § 922(g) is constitutional as applied).

Here, Smith's facial challenge to the constitutionality of § 922(g)(1) is foreclosed by our precedent. *See Scott*, 263 F.3d at 1273. Furthermore, the government established the minimal nexus between Smith's firearm and interstate commerce necessary to survive an as-applied challenge, as Smith did not object to

the facts in his PSI, including the statement that the gun was manufactured in

Massachusetts and the ammunition was manufactured in Illinois and Brazil.  *See*

*Jordan*, 635 F.3d at 1189.

Accordingly, we affirm Smith's conviction and sentence.

**AFFIRMED.**