[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15550
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00296-MSS-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALPH HALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2017)

Before HULL, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Ralph Hale appeals his 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). In this direct appeal, Hale argues that the district court erred in imposing an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because his underlying convictions do not qualify as ACCA predicate offenses. For the first time on appeal, Hale also argues that: (1) the district court erred in finding that he committed the qualifying predicate offenses on different dates; (2) his ACCA sentence violates the Fifth and Sixth Amendments because it is based on facts not charged in his indictment or admitted by him during his guilty plea; and (3) his firearm conviction must be vacated because 18 U.S.C. § 922(g) violates the Commerce Clause. After review, we affirm.

## I.  FACTUAL BACKGROUND

While executing a search warrant at defendant Hale's Florida residence, law enforcement found two loaded firearms in his dresser. Pursuant to a plea agreement, Defendant Hale pled guilty to one count of being a felon in possession of two firearms.[1]

Among Hale's many prior convictions are: (1) a September 1995 Florida conviction for aggravated battery with great bodily harm, under Florida Statutes

---

[1]Although Hale's plea agreement contained an appeal waiver, the government does not argue that Hale's appeal is barred by it. Therefore, we do not address the appeal waiver issue.

2

§ 784.045(1)(a)(1); (2) a July 21, 2008 Florida conviction for possession of cocaine with intent to sell or deliver, under § 893.13(1)(a), which was committed in June 2007; (3) a July 21, 2008 Florida conviction for delivery of a controlled substance (cannabis) within 1000 feet of a church, under Florida Statutes § 893.13(1)(e)(2), which was committed in February 2008; and (4) a July 21, 2008 Florida conviction for possession of cannabis with intent to sell, manufacture, or deliver, under Florida Statutes § 893.13(1)(a), which was committed in August 2006.

At sentencing, the district court determined, based on the first three prior convictions listed above, that Hale was an armed career criminal under the ACCA. This designation resulted in an increased offense level under U.S.S.G. § 4B1.4(b)(3)(A) and an enhanced criminal history category under § 4B1.4(c), producing an advisory guidelines range of 188 to 235 months' imprisonment, and also subjected Hale to an enhanced mandatory minimum sentence of 15 years' imprisonment. The district court varied downward by 8 months and imposed the mandatory minimum 180-month prison term.

## II.  DISCUSSION

Hale argues that the district court erred in applying the ACCA because none of his underlying predicate convictions qualify under the ACCA. We generally review de novo whether a prior conviction is a violent felony or a serious drug

3

offense within the meaning of the ACCA.  United States v. White, 837 F.3d 1225, 1228 (11th Cir. 2016); United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).  Hale preserved his challenge to his Florida aggravated battery conviction, but not his challenge to his Florida drug convictions.  In fact, at the sentencing hearing, Hale specifically disavowed pursuing his objections to his drug convictions because the government had provided the state court documents pertaining to these drug convictions, and Hale did not address the drug convictions in his sentencing memorandum.  Thus, we review Hale's arguments as to his drug convictions only for plain error.  See United States v. Jones, 743 F.3d 826, 828 (11th Cir. 2014) (explaining that any sentencing issues that were not raised in the district court are reviewed for plain error).

## A.    ACCA Qualifying Offenses

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions for a "violent felony" or "serious drug offense" receives a mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

4

Id. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and what is commonly called the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In Johnson v. United States, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, but did not call into question the ACCA's elements clause or the enumerated crimes.  See Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551, 2257-58, 2563 (2015).  The enumerated crimes are not at issue here, and Hale's appeal focuses on whether his Florida aggravated battery conviction qualifies as a violent felony under the elements clause.

Hale also contends his drug convictions do not qualify under the ACCA. The ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" that carries a maximum sentence of ten years or more.  18 U.S.C. § 924(e)(2)(A)(ii).  This Court has found that the definition of "serious drug offense" is broad and "includes any offense 'involving' the manufacture, distribution, or possession with intent to manufacture or distribute." United States v. James, 430 F.3d 1150, 1155 (11th Cir. 2005) (rejecting the argument that the statutory offense must have as an element an intent to manufacture or distribute the controlled substance), overruled on other grounds by

5

Johnson, ___ U.S. at ___, 135 S. Ct. at 2558; see also White, 837 F.3d at 1232-35 (explaining that because of the ACCA's use of the word "involving," the statute of conviction need not exactly match the specific acts listed in the ACCA's definition of serious drug offense).

## B.    Analysis of Hale's Prior Convictions

Here, the district court did not err in concluding that Hale had at least three qualifying prior convictions.  First, the district court correctly determined that Hale's convictions under Florida Statutes § 893.13(1) are "serious drug offenses" under the ACCA.  See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (concluding that a violation of § 893.13(1) constitutes a serious drug offense for ACCA purposes), cert denied, ___ U.S. ___, 135 S. Ct. 2827 (2015).  Hale's argument that these convictions do not qualify because the Florida statute lacks a mens rea requirement is foreclosed by Smith, which considered and rejected this mens rea argument.  See id. at 1267-68.  Notably, this Court recently reaffirmed Smith's mens rea holding.  See United States v. Pridgeon, 853 F.3d 1192, 1197-98 (11th Cir. 2017) (addressing "controlled substance offense" under U.S.S.G. § 4B1.2), petition for cert. filed, (U.S. July 13, 2017) (No. 17-5135).  Under the prior panel precedent rule, we are bound by our holding in Smith "unless and until it is overruled by this Court sitting en banc or by the Supreme Court."  See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation marks

6

omitted).  Moreover, while the district court referred to two of Hale's § 893.13(1) convictions, he in fact has three such drug convictions, which are sufficient to support the ACCA enhancement.

Hale points out that the charging document for one of his drug convictions under Florida Statutes § 893.13(1) alleged that he "did unlawfully deliver or attempt to deliver" cannabis within 1000 feet of a church.  Hale contends, without citation to authority, that the definition of serious drug offense does not include attempts.  Hale's argument, however, ignores the fact that his state court judgment for this offense indicates that Hale was convicted of delivery, not attempted delivery.  In any event, given that this Court has said that the definition of serious drug offense is construed broadly, and Hale has not identified any binding precedent holding that an attempt may not qualify as a serious drug offense, Hale has not met his burden to show plain error.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

Second, although Hale's three prior drug convictions are sufficient to support the ACCA enhancement, we also conclude that the district court correctly determined that Hale's Florida conviction for aggravated battery with great bodily

7

harm under § 784.045(1)(a)(1) qualifies as a "violent felony" under the ACCA. See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341-42 (11th Cir. 2013), abrogated on other grounds by Johnson, ___ U.S at ___, 135 S. Ct. at 2557-2562. In Turner, this Court concluded that an aggravated battery under Florida Statutes § 784.045(1)(a)(1), which requires the intentional or knowing causation of great bodily harm, "is indubitably a violent felony under the elements clause." Id. at 1341. Hale challenges Turner's continuing validity in light of Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013), but this Court recently reaffirmed Turner as binding precedent. See United States v. Golden, 854 F.3d 1256, 1256-57 (11th Cir. 2017), petition for cert. filed, (U.S. June 30, 2017) (No. 17-5050). Therefore, Hale's aggravated battery conviction constitutes a violent felony under the ACCA's elements clause.

Accordingly, because Hale had at least three prior convictions for ACCA-qualifying offenses, the district court did not err by sentencing Hale as an armed career criminal.

## C.    ACCA's Different Occasions Inquiry

Hale alternatively argues that the government failed to meet its burden of proving that his ACCA-qualifying offenses were committed on different occasions. In this regard, Hale contends that the sentencing court was not permitted to rely on

offense dates that were not charged in his federal indictment or proven to a jury beyond a reasonable doubt.

Under the ACCA, the defendant's three prior convictions must be for qualifying offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e). The government has the burden to show the prior convictions "arose out of a separate and distinct criminal episode." United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010) (quotation marks omitted). The sentencing court may find that the defendant's prior offenses were committed on different occasions without violating the Fifth and Sixth Amendments by looking only at those documents approved in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), such as the charging documents, judgments, and plea agreements. United States v. Weeks, 711 F.3d 1255, 1258-61 (11th Cir. 2013).[2]

Here, the government submitted to the district court Shepard-approved documents for each conviction, including the charging documents and the judgments reflecting Hale's guilty pleas and sentences. These Shepard documents showed that each predicate offense occurred on a different date. This Court has repeatedly held that sentencing courts may determine whether prior offenses were temporally distinct for ACCA purposes as long as they limit themselves to

---

[2]Although this Court ordinarily reviews de novo whether predicate offenses occurred on different occasions, we review Hale's claim for plain error because he did not raise it in the district court. See Jones, 743 F.3d at 828.

9

Shepard-approved documents.  See, e.g., United States v. Overstreet, 713 F.3d 627, 635-36 (11th Cir. 2013); Weeks, 711 F.3d at 1259; Sneed, 600 F.3d at 1332-33. Thus, Hale's argument that the dates of his offenses are non-elemental facts that cannot be found by the sentencing court in order to enhance his sentence under the ACCA fails.

Hale argues that our prior precedent has been abrogated by intervening Supreme Court decisions that state that a sentencing court may not rely on non-elemental facts to enhance a sentence.  Hale's argument takes out of context language from decisions of this Court and the Supreme Court that addressed the application of the modified categorical approach to determine whether a prior offense qualifies as a violent felony under the ACCA.  See, e.g., Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016); Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013); Howard, 742 F.3d at 1345.  None of these decisions addressed the different-occasions determination at issue here and, thus, none abrogated our prior precedent on this point.  See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009); United States v. Blakenship, 382 F.3d 1110, 1141 (11th Cir. 2004).  Moreover, because Hale did not point to a decision of this Court or the Supreme Court holding that a sentencing court may not rely on dates found

in Shepard-approved documents to make the different-occasions determination, he has not shown plain error. See Lajarde-Rada, 319 F.3d at 1291.[3]

## C.    Commerce Clause Challenge to Hale's Conviction

Hale argues that his conviction should be vacated because 18 U.S.C. § 922(g) violates the Commerce Clause both facially and as applied to him.[4] As Hale acknowledges, however, this Court has repeatedly held that § 922(g) is facially constitutional under the Commerce Clause. See United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011); United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001). Further, § 922(g) is constitutional as applied to "a defendant who possessed a firearm only intrastate" when the government demonstrated that the firearm moved in interstate commerce. Jordan, 635 F.3d at 1189. Hale admitted in his written plea agreement and during his plea colloquy that the two firearms in his possession in Florida were manufactured in Massachusetts and Connecticut. The government established that the firearms moved in interstate commerce, and § 922(g) is constitutional as applied to Hale. Accordingly, Hale has not shown error, much less plain error, with respect to his Commerce Clause challenge.

---

[3]For the same reasons, there is no merit to Hale's argument that his ACCA-enhanced sentence violates the Fifth and Sixth Amendments because it was based on facts—the dates his predicate offenses were committed—that were not charged in his federal indictment or proven to a jury beyond a reasonable doubt.

[4]We ordinarily review de novo the constitutionality of a federal statute. United States v. Jackson, 111 F.3d 101, 101 (11th Cir. 1997). Constitutional objections that were not raised before the district court, however, are reviewed only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005).

**AFFIRMED.**