[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12613
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00057-TJC-PDB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICE MITCHELL,
a.k.a. Momo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 11, 2018)

Before JILL PRYOR, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Maurice Mitchell appeals his conviction and sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On appeal, Mitchell argues that his conviction should be vacated because § 922(g) is unconstitutional. He also argues that the district court erred in imposing a four-level sentencing enhancement for possessing the firearm in connection with another felony offense. After careful review, we affirm.

## I.    BACKGROUND

Mitchell was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The following facts were established at trial. An officer with the Jacksonville Sheriff's Office was on patrol when he noticed a gold minivan driving suspiciously. Suspecting that the driver was impaired, the officer followed the van to initiate a traffic stop. The officer activated his vehicle's blue lights to alert the driver of the van to pull over, but the driver did not stop. Instead, the driver sped up, running through several stop signs. The officer activated his emergency sirens; a high speed chase ensued. Another officer joined the pursuit. The driver of the van eventually lost control, hit a grassy median, and crashed into a grove of trees.

As the officer approached the van, he saw Mitchell get out of the driver's side of the van and run away. He eventually found Mitchell hiding underneath a black SUV in a nearby parking lot. Mitchell smelled like alcohol and burnt

2

marijuana.  Meanwhile, other officers inventoried the van.  They found a loaded firearm, which had been manufactured in California, on the van's passenger-side dashboard.

Mitchell's presentence investigation report ("PSI") recommended that he receive several sentencing enhancements.  As relevant to this appeal, it recommended a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) because he possessed the firearm "in connection with another felony offense," specifically, felony fleeing from law enforcement.  Mitchell objected to the enhancement, arguing that no officer had seen him hold or point the gun.  The gun's mere presence in the van, Mitchell contended, was insufficient to establish that he possessed it "in connection with" the felony.  The district court disagreed, finding that government had proven, by a preponderance of the evidence, that Mitchell had possessed the firearm in connection with felony fleeing.

Based on his total offense level and criminal history, Mitchell's guideline range was 151 to 188 months' imprisonment.  Because the statute of his conviction carried a 120 month maximum, however, his guideline range was reduced to 120 months.  The district court noted that if the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) had not applied Mitchell's guideline range would have been 97 to 121 months, which included the statutory maximum.

After calculating Mitchell's guideline range, the district court considered argument from Mitchell and the government and discussed the nature and circumstances of Mitchell's offense, his history and characteristics, and the need for deterrence and to protect the public from his future crimes.  In particular, the district court emphasized that Mitchell had driven while intoxicated and with a firearm, leading a high speed chase that put his own life and the lives of others in danger.  It also noted that Mitchell's criminal history included two separate five-year terms of imprisonment and that his § 922(g) offense occurred only three months after his release from the second five-year term.  The district court then sentenced Mitchell to 120 months, explaining that:

> [E]ven if . . . one or more of my guidelines rulings were in error, it would be my judgment . . . that a sentence at the statutory maximum would be the appropriate sentence in this case, and the sentence that I would arrive at, notwithstanding any potential reduction error that the court may have made in the advisory guidelines.

Doc. 95 at 86.[1]  This is Mitchell's appeal.

## II.    STANDARDS OF REVIEW

We typically review the constitutionality of a federal statute *de novo*, *United States v. Jackson*, 111 F.3d 101, 101 (11th Cir. 1997), but constitutional objections that were not raised before the district court are reviewed only for plain error, *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).

---

[1] Citations to "Doc. #" refer to the numbered entries on the district court's docket.

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015). Evaluating whether a firearm was used "in connection with" a felony offense is a factual determination and thus is reviewed for clear error. *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995). We will not reverse a sentence based on an erroneous calculation of the guideline range if the error is harmless. *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015).

## III.   ANALYSIS

On appeal, Mitchell argues that his conviction should be vacated because his statute of conviction, 18 U.S.C. § 922(g), is unconstitutional. He also argues that the district court erred in imposing a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because the government failed to prove by a preponderance of the evidence that he possessed the firearm in connection with the felony of fleeing law enforcement. For the reasons that follow, we affirm Mitchell's conviction and sentence.

## A.     Under Our Binding Precedent, 18 U.S.C. § 922(g) Is Constitutional.

Mitchell argues, for the first time on appeal, that § 922(g) is both facially unconstitutional because it exceeds Congress's authority under the Commerce

5

Clause and unconstitutional as applied to him.  Our prior panel precedent forecloses his arguments.

Section 922(g) makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. 922(g)(1).  "We have repeatedly held that [§] 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *see, e.g.*, *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) ("[T]he jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from . . . facial constitutional attack." (quoting 18 U.S.C. § 922(g)(1)).  Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Accordingly, as Mitchell concedes, his argument that § 922(g) is facially unconstitutional is foreclosed.

Mitchell also argues that statute was unconstitutional as applied because the government failed to prove a "substantial connection" between his possession of

6

the firearm and interstate commerce.  Appellant's Br. at 18.  Under our binding precedent, however, the government need only "prove some 'minimal nexus' to interstate commerce, which it may accomplish by demonstrating that the firearm possessed traveled in interstate commerce."  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (alterations adopted) (internal quotation marks omitted).  Proof that the firearm was manufactured outside of the state where the offense took place satisfies this burden.  *Id.* at 716.  Here, the government proved at trial that the firearm was manufactured in California, and the offense took place in Florida.  Thus, the statute was constitutional as applied to Mitchell, and his conviction must be affirmed.

## B.    Any Error in Mitchell's Guidelines Calculation Was Harmless.

Mitchell next argues that the district court erred in applying a sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B).  Under this enhancement, a defendant's sentence is increased by four levels if he "possessed any firearm . . . in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  Mitchell does not dispute that his conduct constituted felony fleeing, but he insists that the district court clearly erred in finding that he possessed the firearm "in connection with" that felony.

Assuming, without deciding, that the district court erred in applying the enhancement, the error was harmless.  A calculation error is harmless when (1) the

district court clearly indicates that it would impose an identical sentence regardless of the enhancement and (2) the sentence imposed is substantively reasonable. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).  Here, the district court expressly stated that it would impose the same 120 month sentence even if its application of the enhancement had been erroneous.  We thus consider whether the sentence imposed is substantively reasonable.

We review the substantive reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Under 18 U.S.C. § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).  In conducting our review, we consider the totality of the circumstances and whether the statutory

factors in 18 U.S.C. § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Although we do not automatically presume a within-guidelines sentence to be reasonable, ordinarily we expect it to be. *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015).

A district court abuses its discretion and imposes a substantively unreasonable sentence "only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Roasales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009), and we may vacate a sentence "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The 120 month sentence—which, even without the objected-to enhancement, was within Mitchell's guideline range—was substantively reasonable. The district court expressly stated that it took into account all of the

9

§ 3553(a) factors.  It considered several of those factors on the record, including the seriousness of the offense, Mitchell's history and characteristics, and the need for deterrence and to protect the public.  For example, the district court discussed the fact that Mitchell led officers on a high speed chase while driving intoxicated, which put his life and the lives of others at risk, and that he did so a mere three months after being released from a five-year term of incarceration.  Because we are not left with a "definite and firm conviction that the district court committed a clear error in judgment in weighing the § 3553(a) factors," *Irey*, 612 F.3d at 1190, the district court did not abuse its discretion in imposing the 120 month sentence.  Accordingly, assuming that the district court erred in enhancing Mitchell's sentence under U.S.S.G. § 2K2.1(b)(6)(B), the error was harmless.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Mitchell's conviction and sentence.

**AFFIRMED.**