[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-13619
Non-Argument Calendar

————————————————

D.C. Docket No. 2:17-cr-00030-VEH-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VAUGHN ALEXANDER CROPPER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(May 4, 2020)

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Vaughn Cropper, proceeding *pro se*, appeals his conviction and 188-month sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  After careful consideration, we affirm.

## I.    BACKGROUND

Cropper was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  At a pretrial status conference, the district court determined that Cropper had knowingly waived his right to counsel, and the court allowed him to proceed *pro se*.  Cropper stipulated at the pretrial status conference that he had prior felony convictions.

The following facts were established at trial.  Christopher Mitchell, an on-duty security officer at the USA Economy Lodge in Irondale, Alabama called and requested that law enforcement come to the motel after a woman complained that she had been fighting in her motel room with a guest of hers, Cropper.  Mitchell secured the woman in the main office lobby and then retrieved Cropper from the motel room.  Law enforcement arrived at the motel and approached Cropper, who admitted to having a firearm in his pocket.  The firearm was manufactured in Florida with parts made in Italy.  Cropper was arrested and later released.

A task force officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") interviewed Cropper the next day.  After Cropper was read his

*Miranda* rights,[1] he admitted to possessing a firearm and acknowledged that he been convicted of a felony.

At trial, Cropper stipulated that he previously had been convicted of a felony and that the jury could consider the fact of his prior state convictions as proven beyond a reasonable doubt. Despite the stipulation, Cropper stated in his closing argument that "[a]lthough [he has] a felony conviction" he has never been convicted of violence and the Constitution does not mention forbidding convicted felons from possessing firearms. Doc. 62 at 27, 32.[2]

Cropper requested a jury instruction on the defense of necessity and argued that he had a constitutional right to bear arms. The district court denied his requested jury instruction. In instructing the jury, the district court stated that the government had the burden of proving beyond a reasonable doubt that Cropper: (1) knowingly possessed a firearm in or affecting interstate or foreign commerce and (2) had been convicted of a felony prior to possessing the firearm. The district court did not instruct the jury that the government had to prove that Cropper knew that he had a prior felony conviction when he possessed the firearm. As to the element of the charged crime requiring a connection to interstate or foreign commerce, the district court stated that the government had to prove only that the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] "Doc. #" refers to the district court's numbered docket entry.

3

firearm moved from one state to another at some point.  Cropper did not object to the district court's instructions to the jury.  The jury found Cropper guilty.

In Cropper's presentence investigation report ("PSR"), the probation officer noted that Cropper was subject to an offense-level enhancement under the Armed Career Criminal Act ("ACCA") because he had three prior convictions that qualified as "serious drug offenses" under 18 U.S.C. § 924(e)(2).  Section 924(e)(1) requires a 15-year mandatory minimum sentence for individuals who violate § 922(g) and have three prior convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).

Because Cropper met the requirements for the ACCA enhancement, the PSR stated that his appropriate offense level was 33, under U.S.S.G. § 4B1.4(b)(3)(B), and his appropriate criminal history category was IV, under U.S.S.G. § 4B1.4(c)(3).  Based on his total offense level and criminal history score, Cropper's guideline range was 188 to 235 months' imprisonment.  Because Cropper was an armed career criminal under ACCA, the minimum imprisonment term was 15 years and the maximum imprisonment term was life, under 18 U.S.C. § 924(e)(1).  Cropper filed objections to the PSR that are not relevant to this appeal.

At a sentencing hearing, the district court overruled Cropper's objections to the PSR and sentenced him to 188 months' imprisonment and 5 years' supervised release.

Cropper filed a *pro se* motion for release pending his appeal, arguing that the ACCA enhancement was inappropriate because the three felonies upon which it was based were part of the same offense.  A magistrate judge denied Cropper's motion, explaining that, although Cropper pled guilty on the same day to the three felonies underlying the enhancement, the felonies were still separate for sentencing purposes because they were committed on separate occasions.  In a motion to review the magistrate judge's order denying his request for release pending appeal, Cropper argued to the district court that one of the convictions upon which his ACCA enhancement was based was obtained in violation of the Fifth Amendment's Double Jeopardy Clause.  The district court denied Cropper's motion for release.

This is Cropper's appeal.

## II.    STANDARD OF REVIEW

We typically review the constitutionality of a federal statute *de novo*, *United States v. Jackson*, 111 F.3d 101, 101 (11th Cir. 1997), but constitutional objections that were not raised before the district court are reviewed only for plain error, *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).  We also review

for plain error challenges to an indictment or jury instructions raised for the first time on appeal. *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).

## III.    DISCUSSION

Cropper raises four issues on appeal. First, he argues that his conviction is plainly erroneous because § 922(g)(1) is unconstitutionally vague and violates principles of substantive due process by exceeding Congress's authority to regulate interstate commerce. Second, he argues that § 922(g)(1) violates the Second Amendment as applied to him because he is a nonviolent felon and was carrying a firearm for self-defense purposes. Third, he argues that the district court erred in enhancing his sentence under ACCA because his predicate convictions were invalid on double jeopardy grounds. Fourth, he argues that the indictment and jury instructions in the proceedings below were plainly erroneous because they did not comply with *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We address each of these issues in turn.

## A.    Section 922(g)(1) is Constitutional.

Cropper argues that § 922(g)(1) is both unconstitutionally vague and that it violates principles of substantive due process by exceeding Congress's authority to regulate interstate commerce. Section 922(g) makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or

6

ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

Cropper argues, for the first time on appeal, that § 922(g)(1) is unconstitutionally vague because an ordinary person would read the clause "possess in or affecting commerce" as criminalizing a convicted felon from "operating in a commercial capacity while possessing a firearm." Appellant Brief at 10. Because Cropper did not raise this argument to the district court, we review it only for plain error. *Moriarty*, 429 F.3d at 1018. To establish plain error, a defendant must show: (1) there is an error; (2) that is plain; and (3) that affects his substantial rights. *Id.* at 1019. For an error to be plain, it must be obvious and clear under current law. *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015). Thus, to establish plain error, Cropper must present controlling authority that clearly establishes that the district court erred. *Id.* at 1238-39.

A criminal statute is unconstitutionally vague if it fails to provide people of ordinary intelligence with a reasonable opportunity to understand what conduct it prohibits or authorizes or encourages arbitrary and discriminatory enforcement. *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010). Statutes have a strong presumption of validity. *Id.* Cropper is unable to establish plain error because he points to no controlling authority establishing that § 922(g) is

unconstitutionally vague.  *Carpenter*, 803 F.3d at 1238-39.  Therefore, even assuming an error, it would not be plain.

Cropper also argues that § 922(g) is unconstitutional because it exceeds Congress's powers; however, this argument is foreclosed by our precedent.  "[W]e have repeatedly held that [§] 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *see, e.g.*, *United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) ("[T]he jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from . . . facial constitutional attack.") (quoting 18 U.S.C. § 922(g)(1)).  Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We therefore reject Cropper's argument that § 922(g) exceeds Congress's Commerce powers.

**B.    Section 922(g)(1) Does Not Violate the Second Amendment.**

Cropper also argues that § 922(g)(1) is unconstitutional as applied to him because it violates the Second Amendment.  He argues that because he is a nonviolent felon and was carrying a firearm for self-defense, the application of

8

§ 922(g) violates his Second Amendment rights.  As Cropper acknowledges, we have held that statutes prohibiting felons from possessing firearms do not violate the Second Amendment.  *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010).  In *Rozier*, we addressed § 922(g)(1) specifically, holding that it is constitutional even if the firearm was possessed purely for self-defense.  *Id.* at 770.  Cropper argues that if *Rozier* is controlling it should be overruled.  Again, we are bound by our prior precedent.  *See Archer*, 531 F.3d at 1352.  We therefore reject Cropper's as-applied challenge.

## C.    Cropper Cannot Collaterally Attack His Prior State Convictions.

Cropper also argues that the district court erred in enhancing his sentence under ACCA because one of his predicate convictions violated the Fifth Amendment's Double Jeopardy Clause.  Cropper's PSR identified three prior state convictions that qualified as "serious drug offenses" under § 924(e)(2).  18 U.S.C. § 924(e)(2).  These prior convictions included:  (1) Possession of Marijuana, First Degree, No. CC-2009-00812; (2) Unlawful Distribution of a Controlled Substance, No. DC-2008-04344; and (3) Unlawful Distribution of a Controlled Substance, No. DC-2008-04345.  Cropper argues that the first conviction identified, No. CC-2009-00812, was obtained in violation of the Double Jeopardy Clause because it was

based on the same conduct as a juvenile conviction for marijuana possession.[3]

Cropper asserts that, because his state-law marijuana conviction violated the

prohibition against double jeopardy, the district court plainly erred by enhancing

his sentence based on the conviction.

The Supreme Court has held that, with the sole exception of convictions

obtained in violation of the right to counsel, a defendant in a federal sentencing

proceeding may not collaterally attack his prior state convictions that served as the

predicate offenses for an enhancement under § 924(e).  *Custis v. United States*, 511

U.S. 485, 496-97 (1994); *see, e.g.*, *Lewis v. United States*, 445 U.S. 55, 67 (1980)

(holding that a predecessor statute to § 924(e) did not allow collateral attacks on a

predicate conviction).

Cropper acknowledges *Custis* but argues that the Supreme Court did not

specifically address a double jeopardy challenge brought against a predicate

conviction, which he argues presents different concerns.  Although Cropper is

correct that a double jeopardy challenge was not at issue in *Custis*, the Court

expressly declined to extend the right to collaterally attack a prior conviction used

---

[3] Cropper filed a "Judicial Notice Motion" requesting that we take judicial notice of Exhibits A-E attached to his initial brief.  We will take judicial notice of documents only when they are relevant.  *See Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (requiring that facts subject to Fed. R. Evid. 201(b) be "relevant to a determination of the claims presented in a case").  Because we have determined that the documents at issue would not impact Cropper's appeal, we deny his motion.

for an enhancement under § 924(e) beyond a right-to-counsel violation, which it recognized as a "unique constitutional defect." *Custis,* 511 U.S. at 496. Even if the state court erred in convicting Cropper of the predicate prior conviction, Cropper cannot obtain relief here based on this argument. The district court therefore did not err in enhancing Cropper's sentence under § 924(e).

**D. The District Court Did Not Commit Plain Error Under *Rehaif v. United States*.**

In June 2019, after Cropper filed his initial brief in this appeal, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. At our direction, the parties filed supplemental briefs addressing the impact of *Rehaif* on Cropper's appeal. Cropper asks that we vacate his conviction or, in the alternative, grant him a new trial because *Rehaif* made plain that errors occurred (1) when his indictment failed to allege that he knew of his prohibited status when he possessed a firearm and (2) when the jury instructions at trial omitted the element of knowledge of his prohibited status. The government concedes that these failures were plain errors under *Rehaif* but argues that these errors did not affect Cropper's substantial rights.

11

We review Cropper's new challenge based on *Rehaif* for plain error.  *Reed*, 941 F.3d at 1020.  To obtain relief, Cropper must establish that any error both was plain and affected his substantial rights.  *United States v. Moore*, 954 F.3d 1322 (11th Cir. 2020).  If he does so, we may correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)) (alteration adopted).  In evaluating whether the error affected Cropper's substantial rights, we may consult the entire record.  *Id.*

Cropper has established that there were errors in his indictment and jury instructions that *Rehaif* made plain.  *Reed*, 941 F.3d at 1021.  The Court in *Rehaif* made clear that in a prosecution under § 922 the government must prove that the defendant knew that he belonged to the relevant category of persons barred from possessing a firearm.  *Rehaif*, 139 S. Ct. at 2200.  Cropper's indictment did not allege, nor was the jury instructed that it had to find, that Cropper knew he was a convicted felon.  Accordingly, Cropper has established plain error.  *Reed*, 941 F.3d at 1021.

In *United States v. Reed*, we similarly determined that the defendant had established plain error under *Rehaif*.  *Id.*  We nonetheless concluded that the defendant could not prove that the error affected his substantial rights because he could not show a reasonable probability that the outcome of his trial would have

12

been different had the error not occurred. *Id.* at 1021-22 (citation omitted). Reed, who had been convicted of eight prior felonies, admitted that he had served 18 years in prison before his arrest; stipulated that he had been convicted of a felony offense and had not had his civil rights restored, including the right to possess and bear firearms; and testified at trial that he was not allowed to have a gun. *Id.* at 1020-22. We concluded that the record established that Reed knew he was a felon, and so he could not prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his proceedings. *Id.* at 1022.

We likewise conclude that Cropper cannot establish that his substantial rights were affected. Cropper argues that because he was placed on probation only or sentenced to time served for his prior felony convictions, he falls within the category of individuals who, according to *Rehaif*, conceivably could be unaware of their status as convicted felons, *see* 139 S. Ct. at 2198. Although the fact that Cropper served no time in prison could suggest that he was unaware of his status as a convicted felon, other portions of the record indicate that he was aware that his prior offenses were felonies. For example, Cropper stipulated during his trial that he had previously been convicted of a felony offense. He also acknowledged in his closing statement that he was a convicted felon. Other evidence in the record also indicates that Cropper was aware of his status as a felon when he possessed the firearm. For example, an ATF task force officer testified at trial that Cropper

13

acknowledged that he was a convicted felon in an interview that took place on the day after his arrest.  *cf. Reed*, 941 F.3d at 1022.

Because there is ample evidence in the record showing that Cropper knew of his status as a convicted felon when he possessed the firearm, there is no reasonable likelihood that the outcome of his trial would have been different but for the errors in the indictment and the jury instructions.  Thus, Cropper cannot establish that his substantial rights were affected by the errors.  *See Reed*, 941 F.3d at 1022.

## IV.   CONCLUSION

For the above reasons, we affirm Cropper's conviction and sentence.

**AFFIRMED.**